Coos
No. 92-449

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL J. LAFOUNTAIN

January 27, 1994

*Jeffrey R. Howard*, attorney general (*Tina L. Nadeau*, assistant attorney general, on the brief), by brief for the State.

*Judith M. Kasper*, assistant appellate defender, of Concord, by brief for the defendant.

HORTON, J.  The defendant, Michael J. LaFountain, was convicted after a jury trial in Superior Court (*Perkins*, J.) on a charge of felonious sexual assault under RSA 632-A:3, III (1986). On appeal, the defendant argues that the Superior Court (*Sullivan*, J.) erred in denying his motion to suppress his statement to the police because he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights. We affirm.

On August 18, 1988, the defendant was arrested and charged with aggravated felonious sexual assault by digital penetration. After the defendant was taken into custody, a police officer read the charge to him and gave him a copy of the complaint. Upon receipt of the complaint, the defendant asked the officer whether he was going to jail, to which the officer responded, "Yes, as far as I'm concerned you're going to jail. It's just a matter of how long." The defendant agreed to discuss the complaint with the officer. At the hearing on the motion to suppress, the defendant testified that he thought the complaint alleged that he had sex with the complainant, and that he believed "I'd go up and tell [the officer] and it would be all straightened out and I could go."

Prior to the interview, the defendant was advised of his *Miranda* rights. After reading each right, the officer asked the defendant if he understood it, the defendant made a check mark next to each right, and he signed a waiver form. In addition, the defendant read the last portion of the waiver form back to the officer. The defendant testified at the suppression hearing that he understood each of his rights, and he explained, in his own words, what each right meant.

The defendant told the officer during the interview that he touched the complainant in the vaginal area, and that sometimes he had the urge to touch little girls. The officer prepared a summary report regarding this statement, but no written statement was signed by the defendant. Subsequently, the charge alleging digital penetration was *nol prossed* and replaced with a lesser charge of felonious sexual assault.

The defendant argues that his statement to the police should have been suppressed. He argues that he waived his *Miranda* rights believing that he would only be discussing the charge of aggravated felonious sexual assault by penetration, and the police never explained to him that his statement might be used to charge him with a different offense.

■ The defendant invokes his privilege against self-incrimination under part I, article 15 of the New Hampshire Constitution and the fifth, sixth, and fourteenth amendments to the United States Constitution. We address the defendant's State constitutional claim first, *see State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983), citing federal law only to aid our analysis. *State v. Maya*, 126 N.H. 590, 594, 493 A.2d 1139, 1143 (1985). Because federal law is not more favorable to the defendant in this case, *id.*, we need not analyze his federal constitutional claim.

■ Before the defendant's statement could be admitted into evidence, the State had to prove beyond a reasonable doubt that the defendant was informed of his constitutional rights and that his subsequent waiver was voluntary, knowing, and intelligent. *See State v. Plante*, 133 N.H. 384, 386, 577 A.2d 95, 97 (1990); *State v. Phinney*, 117 N.H. 145, 370 A.2d 1153 (1977). The State was required to show that the defendant actually understood his rights, *see State v. Jones*, 125 N.H. 490, 494, 484 A.2d 1070, 1073 (1984), and that his decision to waive his rights was "based upon some appreciation of the consequences of the decision." *State v. Bushey*, 122 N.H. 995, 999, 453 A.2d 1265, 1267 (1982). We will not overturn the trial court's finding of waiver, however, "unless the manifest weight of the evidence, when

viewed in the light most favorable to the State, is to the contrary." *State v. Hurlburt*, 135 N.H. 143, 146, 603 A.2d 493, 495 (1991), *cert. denied*, 112 S. Ct. 1770 (1992) (quotation omitted).

The thrust of the defendant's claim is that because he waived his *Miranda* rights under the belief that he would only be discussing the charge of aggravated felonious sexual assault by digital penetration, and the police failed to inform him that his statements could form the basis for charging him with a lesser offense, his waiver was not knowing, intelligent, and voluntary. The police are not constitutionally required, however, to inform the defendant of every possible charge that may be brought against him or the elements thereof. *See Colorado v. Spring*, 479 U.S. 564, 577 (1987); *Jones*, 125 N.H. at 493, 484 A.2d at 1072. Nor must the defendant understand every possible charge that may be brought against him, so long as he understands that *anything* he says may be used against him. *See generally Jones supra.* In other words, if the defendant fully understands each of the rights set forth in the *Miranda* warnings, he is constitutionally equipped to face police interrogation.

Here, there is no claim that the defendant failed to understand his basic privilege against self-incrimination. At the suppression hearing, he testified that he understood what each *Miranda* right meant, and he accurately explained the meaning of each right. He also testified that during the interview with the police officer, he gave up his rights "[f]or the time being," demonstrating that he understood that he had the ability to stop answering questions at any time. The evidence also indicated that the defendant understood the consequences of his waiver. He stated, "[I]f I say something to incriminate myself, I guess it would be against me."

Finally, we are not impressed by the defendant's argument that the police officer's statement that the defendant would be spending time in jail improperly induced him to waive his rights. The defendant testified that the police did not threaten him. Accordingly, we find no error in the denial of the motion to suppress.

*Affirmed.*

All concurred.