Rockingham
No. 93-324

THE STATE OF NEW HAMPSHIRE

v.

JOSEPH GAGNON

December 9, 1994

*Jeffrey R. Howard,* attorney general (*Jeffrey S. Cahill,* assistant attorney general, on the brief and orally), for the State.

*Gary Apfel,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Joseph Gagnon, was convicted in the Superior Court (*McHugh,* J.) of driving after habitual offender certification, RSA 262:23 (1993); driving while under the influence, subsequent offense, RSA 265:82 (1993) (amended 1993); disobeying an officer, RSA 265:4 (1993); and reckless driving, RSA 265:79 (1993). He contends on appeal that the trial court should have suppressed statements he made to the police, which he claims were obtained in violation of his State and federal constitutional rights. We reverse and remand.

The charges against the defendant arose from his alleged operation of an automobile on March 6, 1991. That evening, then-Sergeant Bruce Moeckel of the Windham Police Department observed a westbound vehicle on Route 111 in Windham operating erratically. Sergeant Moeckel attempted to stop the vehicle, but it accelerated, exceeding the posted speed limit and crossing the solid yellow line. After briefly losing sight of the vehicle, Sergeant Moeckel came upon the scene of a two-car accident, involving the very vehicle he had been pursuing.

Sergeant Moeckel was soon joined by two other Windham police officers, Officers Cunningham and Ruel. They took into custody an individual whom they found standing near the right front of the automobile involved in the pursuit. The officers noticed that the driver-side door was open, and one officer saw footprints in the wet ground leading from the driver's side of the car into the woods. After a brief search, the police found the defendant crouching in the woods. He appeared intoxicated and had difficulty walking.

The police arrested the defendant and transported him to the Windham Police Station, where he was brought into an office, still in handcuffs, to be questioned by Officer Ruel. During an hour-long interrogation, the defendant continued to exhibit signs of intoxication, even appearing to fall asleep at times.

Before interrogating him, Officer Ruel read the defendant his rights as outlined in *Miranda v. Arizona,* 384 U.S. 436 (1966), from a departmental card. Officer Ruel then asked the defendant whether he understood those rights. The defendant responded, "I don't understand anything[;] I don't know why I'm here[;] I didn't do anything[;] I wasn't driving[;] I was asleep in the back seat . . . ."

Officer Ruel repeated the *Miranda* warnings, and the defendant again said he did not understand. The officer then asked what specifically the defendant did not understand, and the defendant replied that he did not understand anything. The officer proceeded to interrogate the defendant, although the defendant never made any physical gesture or any verbal statement indicating that he understood his rights.

Statements made by the defendant during the course of the interrogation were admitted at trial. The statements in question were sometimes contradictory and contrary to the physical evidence. Thus, these statements tended to undermine the defense strategy, which was to raise doubts as to whether the defendant was the driver of the vehicle.

The trial court specifically found that the defendant's statements were in response to interrogation and were "clearly not spontaneous comments." Therefore, the law concerning custodial interrogation applies to the statements at issue. *See State v. Sheila Portigue,* 125 N.H. 338, 343, 480 A.2d 896, 900 (1984).

■ On appeal, the defendant argues that the statements admitted at trial were obtained in violation of his rights under the fifth, sixth and fourteenth amendments to the United States Constitution and part I, article 15 of the New Hampshire Constitution. We address the defendant's claim first under the State Constitution. *State v. Ball,* 124 N.H. 226, 231, 471 A.2d 347, 350 (1983). Where, as here, the Federal Constitution provides no greater protection to the defendant, *State v. LaFountain,* 138 N.H. 225, 227, 636 A.2d 1028, 1029 (1994), we make no separate federal analysis. *State v. Maya,* 126 N.H. 590, 594, 493 A.2d 1139, 1143 (1985).

■ ■ In order to introduce a defendant's statements made during custodial interrogation, the State must prove beyond a reasonable doubt that the defendant "knowingly, intelligently and voluntarily waived his constitutional rights." *State v. Gravel,* 135 N.H. 172, 176, 601 A.2d 678, 680 (1991). A valid waiver need not be explicit, but absent an explicit waiver, we look to the totality of the circumstances to determine whether the record supports the trial court's ruling that the defendant waived his *Miranda* rights knowingly, intelligently, and voluntarily beyond a reasonable doubt. *State v. Plante,* 133 N.H. 384, 386–87, 577 A.2d 95, 97 (1990). Recognizing that a trial court is "in the best position to weigh the credibility of the witnesses, we will not reverse its finding on the issue of waiver unless the manifest weight of the evidence, when viewed in the light most favorable to the State, is to the contrary." *Id.* at 387, 577 A.2d at 97.

■ A defendant's "mental and physical conditions are crucial in determining whether a knowing, intelligent, and voluntary waiver has occurred." *State v. Zysk,* 123 N.H. 481, 486, 465 A.2d 480, 483 (1983). Officer Ruel testified at trial that, at the time he was interrogated, the defendant was "obviously intoxicated." While intoxication does not preclude the possibility of a valid waiver, it is a factor in determining whether a waiver has been made knowingly, intelligently, and voluntarily. *State v. Sullivan,* 130 N.H. 64, 69, 534 A.2d 384, 387 (1987).

Even if the defendant were not highly intoxicated, however, the manifest weight of the evidence indicates that his alleged waiver of rights was not valid. Officer Ruel's own testimony is that, when asked whether he understood his rights, the defendant repeatedly said, "I don't understand." The officer's only basis for believing the defendant understood his rights and thus was capable of knowingly, intelligently, and voluntarily waiving those rights is best illustrated by this exchange between defense counsel and then-Sergeant Ruel at the suppression hearing:

[Attorney]: Sergeant Ruel, you're saying that the fact that a person says "I don't understand" in an argumentative tone of voice indicates that they do, in fact, understand and that's the basis for your believing that he understood?

[Officer]: That is my belief, yes.

[Attorney]: But, in fact, you did testify that he did not ever indicate to you, either verbally or physically by physical gesture, that he understood?

[Officer]: That is correct.

■ Given the admission by the State's own witness that the defendant never gave any indication, verbal or otherwise, that he understood his rights and chose to waive them, the totality of the circumstances, viewed in the light most favorable to the State, does not support the trial court's finding beyond a reasonable doubt that the defendant validly waived those rights. Accordingly, we reverse the defendant's convictions and remand.

*Reversed and remanded.*

All concurred.