Grafton
No. 93-268

THE STATE OF NEW HAMPSHIRE

v.

CINDY GRANT-CHASE

October 3, 1995

*Jeffrey R. Howard,* attorney general (*John P. Kacavas,* assistant attorney general, on the brief and orally), for the State.

*Albert E. Scherr,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J. The defendant, Cindy Grant-Chase, was convicted of first degree assault, RSA 631:1 (Supp. 1993), after a jury trial in Superior Court (*Fauver,* J.). On appeal, the defendant argues that the Trial Court (*Smith,* J.) erred in its pretrial order by refusing to suppress statements she made in response to police questioning, in violation of her right to counsel under the fifth amendment to the United States Constitution and part I, article 15 of the New Hampshire Constitution.

In an opinion dated December 14, 1994, we affirmed the defendant's conviction. The defendant moved for reconsideration. *See* SUP. CT. R. 22. We granted the motion and withdrew our opinion. We affirm.

On December 28, 1990, the defendant and the victim, George Tegelaar, were in a physical struggle that resulted in the defendant shooting and wounding the victim. Both the victim and the defendant were transported to the hospital for treatment of their injuries. Because the defendant was a suspect in the case, Officers Langley and Folini went to the hospital to question the defendant, hoping to elicit incriminating statements. The defendant was under constant police watch and was not free to leave. Officer Langley was within three to five feet of her while she was in the emergency room. During that time the defendant asked Officer Langley for her purse

and if she could call her lawyer. Once the hospital staff had completed their testing, the defendant telephoned her lawyer. During the five- to ten-minute telephone call Officer Langley remained present but could not overhear the substance of the conversation. After the defendant ended her phone call, Officers Langley and Folini approached her to initiate questioning. Until this point the police had not subjected the defendant to questioning or its functional equivalent. Officer Folini asked her if it was all right to ask some questions about the incident. The defendant told him that she had talked to her attorney, who advised her to cooperate with the investigation. The officers explained to the defendant her *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436 (1966), which she explicitly waived by signing a waiver form, and elicited incriminating statements.

The defendant contends that her request to call her attorney in the emergency room constituted an assertion of the right to counsel, and that statements elicited from her after that request violated both the State and Federal Constitutions. In deciding this case, we first look to our State Constitution, and then, if necessary, to the Federal Constitution to determine whether it provides the defendant with greater protection. *State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983). We cite "decisions of the Supreme Court of the United States and of courts of other jurisdictions for their helpfulness in analyzing and deciding the State issue." *State v. Maya*, 126 N.H. 590, 594, 493 A.2d 1139, 1143 (1985). Since we conclude that the Federal Constitution is not more favorable to the petitioner, *see Davis v. United States*, 114 S. Ct. 2350, 2355–57 (1994), we make no separate federal analysis. *See State v. LaFountain*, 138 N.H. 225, 227, 636 A.2d 1028, 1029 (1994).

The defendant argues that the facts of this case mandate suppression of the statements she gave in response to Officer Folini's questions, based on the protections enunciated in *Minnick v. Mississippi*, 498 U.S. 146 (1990), *Edwards v. Arizona*, 451 U.S. 477 (1981), and *Miranda v. Arizona*, 384 U.S. 436. We disagree.

In *Miranda*, the Supreme Court held that police must terminate interrogation of an accused in custody if the accused requests the assistance of counsel. *Miranda*, 384 U.S. at 474. In *Edwards*, the Court held that in order to protect the accused's rights under *Miranda*, once the accused requests counsel the police may not reinitiate questioning until counsel has been made available to the accused or the accused initiates further communications. *Edwards*, 451 U.S. at 484–85. In 1990, the Court clarified its holding in *Edwards* by stating that once the accused has asserted the right to

counsel, reinterrogation may not begin until counsel is present whether or not the accused has consulted with an attorney. *Minnick*, 498 U.S. at 153.

A preliminary question in this analysis is whether the defendant adequately indicated to the officers that she sought the assistance of counsel. The trial court ruled that the defendant did not because "[m]erely requesting a telephone and calling her attorney did not indicate to the officers that she sought the assistance of counsel." The defendant, however, stated that she wanted to call her lawyer, and Officer Langley testified that the request was not ambiguous. While we review a trial court's finding concerning which words a defendant used to invoke the right to counsel under the clearly erroneous standard, *see State v. Gosselin*, 131 N.H. 243, 247, 552 A.2d 974, 976 (1988); *see also United States v. Ogbuehi*, 18 F.3d 807, 813 (9th Cir. 1994), whether those words constitute an invocation of the right to counsel is a question of law, *Ogbuehi*, 18 F.3d at 813, which we review *de novo. See State v. Sundstrom*, 131 N.H. 203, 207, 552 A.2d 81, 83–84 (1988), *denial of habeas aff'd by Sundstrom v. Powell*, 960 F.2d 143 (1st Cir. 1992); *Fleet Bank—N.H. v. Chain Constr. Corp.*, 138 N.H. 136, 139, 635 A.2d 1348, 1350 (1993). Based on the testimony in the record, we hold that the defendant adequately indicated to the officers that she sought the assistance of counsel. *See State v. Tapply*, 124 N.H. 318, 322–23, 470 A.2d 900, 903 (1983).

■ ■ The timing of the defendant's assertion of her right to counsel controls the outcome of this case. Had the defendant made her request for counsel after *Miranda* warnings had been given or after interrogation had begun, there would have been an irrebuttable presumption that the defendant asked for the assistance of counsel for the purpose of having counsel present during any further questioning, and the police could not reinitiate questioning until counsel was present. *Minnick*, 498 U.S. at 153. If, as here, a defendant asserts *Miranda* rights while in custody, but before interrogation has begun, the State's ability to go forward with interrogation depends on the nature of the request for counsel. Pre-interrogation, there is no irrebuttable presumption that the defendant's request for counsel was for the purpose of having counsel present during the imminent interrogation. *Cf. Minnick*, 498 U.S. at 153.

■ If the defendant's pre-interrogation assertion of the right to counsel is ambiguous as to the purpose for which counsel is sought, *e.g.*, whether the defendant wished to discuss an unrelated matter, whether the defendant wanted advice from counsel regarding how to

handle the imminent questioning, or whether the defendant wanted counsel present for interrogation, the police have a right to clarify the ambiguity by asking the defendant if he or she wishes to go forward with interrogation. This does not run afoul of the protections of *Edwards* and *Minnick*. *Cf. Davis*, 114 S. Ct. at 2356 ("[W]hen a suspect makes an ambiguous or equivocal statement it will often be good police practice for the interviewing officers to clarify whether or not he actually wants an attorney."). *But see State v. Torres*, 412 S.E.2d 20, 26, 27 (N.C. 1992) (defendant could invoke the prophylactic protections of *Minnick* before *Miranda* warnings or police interrogation by requesting counsel while in custody). If, upon clarification, the defendant states that the purpose of the request for counsel was unrelated to the subject matter of the imminent questioning or that the purpose of the call was merely to seek advice of counsel on how to proceed with imminent questioning, the police may proceed with questioning. Of course, before any questioning begins, the police would have to secure a knowing, intelligent, and voluntary *Miranda* waiver. *See State v. Plante*, 133 N.H. 384, 386, 577 A.2d 95, 97 (1990). If, upon clarification, after talking with counsel, the defendant states that she does not wish to proceed with questioning until counsel is present, that right must be scrupulously honored and no police questioning may follow. *Cf. Minnick*, 498 U.S. at 153. Additionally, if the defendant's pre-interrogation request for counsel unambiguously stated that it was for the purpose of having counsel present during police questioning, there would be no ambiguity to clarify and the police could not initiate questioning or seek a *Miranda* waiver. *See Minnick*, 498 U.S. at 153.

■ In this case, the defendant's pre-interrogation invocation of her right to counsel was ambiguous as to purpose. After the phone call, the police sought to clarify the purpose of her call. She told them that she had talked to her attorney and her attorney told her to cooperate. Before the police initiated questioning regarding the crime, they advised her of her *Miranda* rights. She was made aware that she had a right to have counsel present during questioning, but she waived that right. Because the statements the defendant seeks to suppress were elicited by questioning that followed *Miranda* warnings and waiver, there was no violation of the defendant's rights under the State Constitution.

*Affirmed.*

All concurred.