Grant-Chase v. Comm Dept. Corrections CV-96-332-JD  03/04/97

UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Cindy Grant-Chase

        v.                              Civil  No. 96-332-JD

Commissioner, Department
of Corrections


                          O R D E R


     Petitioner Cindy Grant-Chase brought this action under 28

U.S.C. § 2254, seeking a writ of habeas corpus.  Before the court

is the motion for summary judgment of the respondent, Paul

Brodeuer, the Commissioner of the New Hampshire Department of

Corrections (document no. 11).


                          Background

     The facts relevant to the instant motion are not in dispute.

On December 8, 1990, the petitioner was involved in a struggle

with Joe Tegelaar that culminated in the petitioner shooting

Tegelaar several times.  Tegelaar managed to call the police,

who, upon arriving, transported the petitioner and Tegelaar to a

local hospital, where both received treatment for their injuries.

     The police considered the petitioner a suspect in the

shooting and an officer was present at all times while she

received treatment at the hospital.  The officer did not initiate

any questioning of the petitioner while the petitioner was receiving treatment, and subsequently testified that he was "just observing" her during this period. At some point during her receipt of treatment the petitioner asked the officer about her purse and stated that she wanted to talk to her lawyer.

Following the completion of medical testing, the petitioner spoke on the telephone for five to ten minutes with her lawyer, during which time the police officer remained present but could not overhear the conversation. Upon the completion of the conversation, a second police officer approached the petitioner and informed her that he was aware that she had just spoken to her lawyer. The officer asked the petitioner whether "it was all right that [he] asked her some questions about the incident that had happened." The petitioner informed the officer that her attorney had advised her "to be as helpful as possible." The officer then read the petitioner her Miranda rights, and the petitioner executed a form indicating that she understood these rights and agreed to waive them. Outside the presence of her attorney, the petitioner subsequently gave the police two statements containing incriminating information.

The petitioner unsuccessfully moved to suppress these statements at trial and, in July 1992, was found guilty of committing first degree assault and sentenced to seven to twenty

2

years in prison.  The petitioner appealed her conviction to the New Hampshire Supreme Court, claiming that her invocation of her right to a lawyer at the hospital barred the police from eliciting any statements from her outside the presence of her attorney, and that suppression of these statements therefore was warranted.  On October 3, 1995, after granting the petitioner's motion to reconsider a prior order in which it denied the petitioner's appeal, the New Hampshire Supreme Court affirmed the petitioner's conviction.  See State v. Grant-Chase, 140 N.H. 264, 665 A.2d 380 (1995), cert. denied, 116 S. Ct. 1431 (1996).

The New Hampshire Supreme Court found that "the timing of the defendant's assertion of her right to counsel control[led] the outcome of [her] case."  Id. at 267, 665 A.2d at 382.  The Court acknowledged that "the police must terminate interrogation of an accused in custody if the accused requests the assistance of counsel," id. at 266, 665 A.2d at 382 (citing Miranda v. Arizona, 384 U.S. 436, 474 (1966)), that "once the accused requests counsel the police may not reinitiate questioning until counsel has been made available to the accused or the accused initiates further communications," id., 665 A.2d at 382 (citing Edwards v. Arizona, 451 U.S. 477, 484-85 (1981)), and that "once the accused has asserted the right to counsel, reinterrogation may not begin until counsel is present whether or not the accused

3

has consulted with an attorney," id. at 267, 665 A.2d at 382 (citing Minnick v. Mississippi, 498 U.S. 146, 153 (1981)). However, the Court found that the prophylactic rule articulated in Edwards is not necessarily triggered by a defendant who, although having been placed in custody and having made a request for a lawyer, neither has been informed of her Miranda rights nor has commenced being interrogated. In such a circumstance, the Court reasoned, no irrebuttable presumption arises that the reason the defendant asks for counsel is for the purpose of having counsel present during interrogation. See id. at 267-68, 665 A.2d at 383-84 (noting that the request for counsel may also concern an unrelated matter or may be motivated by a desire for advice concerning how to handle imminent questioning). Thus, the court concluded that where a defendant's pre-interrogation, pre-Miranda assertion of the right to counsel is ambiguous as to the purpose for which counsel is sought, the police may "clarify the ambiguity by asking if he or she wishes to go forward with the interrogation." Id. at 268, 665 A.2d at 383 (citing Davis v. United States, 512 U.S. 452, 461 (1994)).[1] Applying this rule,

_____

[1]In Davis, the United States Supreme Court held that "law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney." 512 U.S. at 461. However, the court also opined that "when a suspect makes an ambiguous or equivocal statement [concerning a request for an attorney] it will often be good police practice for the

4

the Court found that (1) the purpose of the petitioner's invocation of her right to counsel was ambiguous; (2) the police merely sought to clarify the purpose of the petitioner's request and ascertained that the attorney had advised her to cooperate; and (3) the police properly advised the petitioner of her Miranda rights before obtaining any statements from her. Accordingly, the court held that the petitioner's constitutional rights had not been violated.[2] The petitioner's habeas petition, filed on June 21, 1996, challenges the Court's conclusion.

## Discussion

28 U.S.C. § 2254(d) provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

---

interviewing officers to clarify whether or not [the suspect] actually wants an attorney." Id.

[2]Although the petitioner challenged her conviction under the state and federal constitutions, the New Hampshire Supreme Court concluded that the United States Constitution did not provide the petitioner with more protection than the New Hampshire Constitution. Accordingly, the Court decided the issue under state law, making no separate federal analysis and looking to federal law and the law of other jurisdictions "for their helpfulness in analyzing and deciding the State issue." Grant-Chase, 140 N.H. at 266, 665 A.2d at 382. However, implicit in the Court's conclusion is a finding that the "ambiguity as to purpose" doctrine is consistent with Miranda and its progeny.

5

court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.[3]

The instant petition seeks relief solely on the ground that the New Hampshire Supreme Court committed legal error in finding that the prophylactic rule of Edwards is not invoked by a pre-interrogation, pre-Miranda request for counsel that is ambiguous as to the purpose behind the request. Thus, under the terms of the statute, habeas relief will be warranted only if the New Hampshire Supreme Court's decision resulted in a decision that is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.

In the opinion of the court, the circumstances of this case do not warrant such a conclusion. The United States Supreme Court clearly has stated that the police may not begin questioning a defendant who is not accompanied by counsel if the d

---

[3]Section 2254 was amended effective April 24, 1996. Although neither party has made reference to this amendment or its applicability to a petition filed after its effective date but seeking to overturn a conviction obtained prior thereto, the court is of the opinion that § 2254(d)(1), as amended, provides the applicable standard of review under these circumstances. See, e.g., Drinkard v. Johnson, 97 F.3d 751, 766 (5th Cir. 1996).

efendant has previously unambiguously requested the assistance of counsel during custodial interrogation. See, e.g., McNeil v. Wisconsin, 501 U.S. 171, 176-77 (1991) (summarizing Miranda and its progeny). However, the Court's precedents do not indicate that the invocation of the right to counsel prior to the commencement of interrogation necessarily triggers the prophylactic rule created in Edwards. See id. at 178 (invocation of right to attorney requires "some statement that can reasonably be construed to be an expression of a desire for an attorney in dealing with custodial interrogation by the police"), 182 n.3 ("We have in fact never held that a person can invoke his Miranda rights anticipatorily, in a context other than 'custodial interrogation' . . . ."). Although not necessarily foreclosed by Supreme Court precedent, the rule proposed by the petitioner would extend Edwards beyond what the Court has offered as the justification for the rights guaranteed by Miranda -- "to counteract the inherently compelling pressures of custodial interrogation." Id. at 176 (quotation marks omitted); accord Alston v. Redman, 34 F.3d 1237, 1245-49 (3d Cir. 1994) (pretrial detainee who informed warden by letter that he would not talk to attorney without counsel present not entitled to protection of Edwards because invocation of counsel, although made while detainee was in custody, was not made during interrogation or

7

while interrogation was impending), <u>cert. denied</u>, 115 S. Ct. 1237 (1995); <u>see also</u> <u>United States v. LaGrone</u>, 43 F.3d 332 (7th Cir. 1994) (invocation of <u>Miranda</u> rights only effective during custodial interrogation or if custodial interrogation is imminent).

The court recognizes that some courts have extended the prophylactic rule of <u>Edwards</u> to invocations of counsel prior to the commencement of interrogation or a defendant's receipt of his or her <u>Miranda</u> rights.  <u>See, e.g.</u>, <u>United States v. Kelsey</u>, 951 F.2d 1196, 1199 (10th Cir. 1991) (fact that defendant who had been placed in handcuffs and told to stay on couch while police searched his house asked to see his attorney before police began to question him and before he was read his <u>Miranda</u> rights was "irrelevant" under "governing cases", including <u>McNeil</u>; <u>Edwards</u> required suppression of subsequent statements to police made outside presence of counsel); <u>State v. Torres</u>, 330 N.C. 517, 527, 412 S.E.2d 20, 26 (1992) (holding that "defendant could invoke right to have counsel present during impending interrogation, even though she was not being actively questioned at the time she inquired about an attorney"), <u>cited in</u> <u>Grant-Chase</u>, 140 N.H. at 268, 665 A.2d at 383; <u>see also</u> <u>LaGrone</u>, 43 F.3d at 339 (invocation of counsel effective if custodial interrogation has begun or is imminent).  The court also notes that <u>McNeil</u>, <u>Alston</u>,

8

and <u>LaGrone</u> all involved situations in which the defendant was not facing imminent interrogation by the police.  However, the United States Supreme Court has not only never recognized the extension of the <u>Edwards</u> rule to situations prior to the commencement of custodial interrogation, but also has suggested in <u>McNeil</u> that such an extension may not be warranted.  <u>See</u> <u>McNeil</u>, 501 U.S. at 182 n.3.  For these reasons, the court cannot conclude that the New Hampshire Supreme Court's decision not to extend the <u>Edwards</u> rule is contrary to, or involves an unreasonable application of, clearly established Supreme Court precedent.  Accordingly, the petition for a writ of habeas corpus must be denied.


Conclusion

The respondent's motion for summary judgment (document no. 11) is granted.  The clerk is ordered to close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

March 4, 1997

cc:  Albert E. Scherr, Esquire
     John Paul Kacavas, Esquire

9