USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 97-1520

 CINDY GRANT-CHASE,

 Petitioner,

 v.

 COMMISSIONER, NEW HAMPSHIRE DEPARTMENT OF CORRECTIONS,

 Respondent.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Bownes, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 

 Albert E. Scherr for petitioner.
 John P. Kacavas, Assistant Attorney General for the State of
New Hampshire, with whom Philip T. McLaughlin, Attorney General
for the State of New Hampshire, was on brief, for respondent.
 Leo T. Sorokin on brief for Federal Defender Office, amicus
curiae.
 David S. Kris on brief for United States Department of
Justice, amicus curiae.

June 5, 1998

 STAHL, Circuit Judge. Petitioner Cindy Grant-Chase
appeals the denial of her application for a writ of habeas corpus
under 28 U.S.C. 2254. Her appeal presents two questions. 
First, is 1st Cir. R. 22.1(c) (Interim Local Rule) inconsistent
with 28 U.S.C. 2253(c)(1) and Fed. R. App. P. 22(b) (as these
provisions were amended by the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA")) insofar as it requires appellants
seeking collateral relief under 28 U.S.C. 2254 or 2255 who
already have obtained a certificate of appealability ("COA") from
a district judge as to one or more issues also to obtain a COA on
those issues from the court of appeals? Second, if the merits of
this case are properly before us, did the district court err in
concluding that the challenged state ruling was neither contrary
to, nor involved an unreasonable application of, "clearly
established Federal law, as determined by the Supreme Court of
the United States"? 28 U.S.C. 2254(d)(1). We conclude that
1st Cir. R. 22.1(c) is inconsistent with 28 U.S.C. 2253(c)(1)
and Fed. R. App. P. 22(b) in requiring a second COA in the
circumstances just described, but reject petitioner's appeal on
the merits.
 I.
 We take the facts directly from State v. Grant-Chase,
140 N.H. 264 (1995), cert. denied, 517 U.S. 1140 (1996).
 On December 28, 1990, the [petitioner]
 and the victim, George Tegelaar, were in a
 physical struggle that resulted in the
 [petitioner] shooting and wounding the
 victim. Both the victim and the [petitioner]
 were transported to the hospital for
 treatment of their injuries. Because the
 [petitioner] was a suspect in the case,
 Officers Langley and Folini went to the
 hospital to question the [petitioner], hoping
 to elicit incriminating statements. The
 [petitioner] was under constant police watch
 and was not free to leave. Officer Langley
 was within three to five feet of her while
 she was in the emergency room. During that
 time the [petitioner] asked Officer Langley
 for her purse and if she could call her
 lawyer. Once the hospital staff had
 completed their testing, the [petitioner]
 telephoned her lawyer. During the five- to
 ten-minute telephone call Officer Langley
 remained present but could not overhear the
 substance of the conversation. After the
 [petitioner] ended her phone call, Officers
 Langley and Folini approached her to initiate
 questioning. Until this point the police had
 not subjected the [petitioner] to questioning
 or its functional equivalent. Officer Folini
 asked her if it was all right to ask some
 questions about the incident. The
 [petitioner] told him that she had talked to
 her attorney, who advised her to cooperate
 with the investigation. The officers
 explained to the [petitioner] her Mirandarights, see Miranda v. Arizona, 384 U.S. 436
 . . . (1966), which she explicitly waived by
 signing a waiver form, and elicited
 incriminating statements.

Id. at 265-66.
 Prior to trial, petitioner moved to suppress the
statements she had given to Officers Langley and Folini, arguing
that the statements had been obtained in violation of, interalia, her right to have counsel present during custodial
interrogation. See Miranda, 384 U.S. at 469-73. The state trial
court rejected her argument, ruling that petitioner did not
"adequately indicate[] to the officers that she sought the
assistance of counsel." Grant-Chase, 140 N.H. at 267
(summarizing the trial court's ruling). Thereafter, a jury
convicted petitioner of first degree assault.
 Petitioner appealed her conviction to the New Hampshire
Supreme Court, contending that statements elicited in violation
of, inter alia, the rules of Miranda were used to convict her. 
On December 14, 1994, the New Hampshire Supreme Court affirmed
petitioner's conviction. Petitioner moved for and was granted
reconsideration of this decision. But on October 3, 1995, the
court handed down a new opinion that again affirmed petitioner's
conviction.
 Disagreeing with the trial court, the New Hampshire
Supreme Court first ruled that petitioner's request to call her
lawyer was "an invocation of the right to counsel." Grant-Chase,
140 N.H. at 267. The court then opined that, "[h]ad the
[petitioner] made her request for counsel after Miranda warnings
had been given or after interrogation had begun, there would have
been an irrebuttable presumption that the [petitioner] asked for
the assistance of counsel for the purpose of having counsel
present during any further questioning . . . ." Id. (citing
Minnick v. Mississippi, 498 U.S. 146, 153 (1990)). But because
the request preceded Miranda warnings and the inception of
interrogation, the court declined to indulge such a presumption. 
Id. (citing Minnick, 498 U.S. at 153). Rather, the court
scrutinized the nature of petitioner's actual invocation, and
concluded that it was "ambiguous as to purpose." Id. at 268. A
fair reading of the opinion reveals that the ambiguity detected
was whether petitioner "wanted advice from counsel regarding how
to handle the imminent questioning, or whether the [petitioner]
wanted counsel present for interrogation . . . ." Id. at 267-68. 
The police officers therefore were within their rights to
"clarify the ambiguity by asking the [petitioner] if . . . she
wishe[d] to go forward with interrogation." Id. at 268 (citing
Davis v. United States, 512 U.S. 452, 461 (1994)). And given
petitioner's unambiguous affirmative response to this attempt at
clarification, the court found petitioner's subsequent waiver of
her Miranda rights to be effective. Id. 
 Subsequently, petitioner applied for a writ of habeas
corpus pursuant to 28 U.S.C. 2254. The application challenged
as clearly unconstitutional the New Hampshire Supreme Court's
unwillingness to extend to those in custody and facing imminent
interrogation the "irrebuttable presumption" the court appears to
have inferred from Minnick: that any "request for counsel" made
during custodial interrogation (as opposed to just prior to
interrogation) is for the purpose of invoking the right to
counsel's presence during further questioning. See Grant-Chase,
140 N.H. at 267. The district court denied the petition,
reasoning that (1) under 28 U.S.C. 2254(d)(1), it was
prohibited from granting the writ unless the challenged state
ruling was contrary to, or involved an unreasonable application
of, clearly established United States Supreme Court precedent;
and (2) the United States Supreme Court has never explicitly or
implicitly endorsed application of such a presumption to
situations preceding the commencement of custodial interrogation. 
The court did, however, issue petitioner a COA as to this issue
pursuant to 28 U.S.C. 2253(c). 
 In accordance with 1st Cir. R. 22.1(c), an interim
rule adopted in 1996 in the wake of the AEDPA's amendments to 28
U.S.C. 2253(c) and Fed. R. App. P. 22(b), petitioner then asked
this court to grant her a second COA with respect to the Mirandaissue. Noting that other circuits have determined that litigants
who have obtained a COA on one or more issues from a district
judge may proceed with their appeals of those issues forthwith,
we decided to reexamine 1st Cir. R. 22.1(c) and requested that
petitioner and respondent file supplemental briefs discussing
"whether a petitioner who obtains a [COA] from a district court
judge must also obtain one from the court of appeals before the
appeal may proceed." We also invited the Federal Defender and
the United States Attorney to file amicus briefs on this issue. 
In their helpful supplemental and amicus briefs, petitioner,
respondent, the Federal Defender, and the United States Attorney
all took the view that 1st Cir. R. 22.1(c) is inconsistent with
the 1996 amendments to 28 U.S.C. 2253(c)(1) and Fed. R. App. P.
22(b) insofar as the Rule requires litigants in possession of a
COA from a district judge to apply for a second certificate from
this court. As a result, petitioner, respondent, and amici join
in urging us to revise 1st Cir. R. 22.1(c) to dispense with this
requirement. 
 II.
A. 1st Cir. R. 22.1(c)
 Upon due consideration of the arguments set forth in
the supplemental and amicus briefs, we agree that 1st Cir. R.
22.1(c) should be revised to eliminate the requirement that
litigants in possession of a COA from a district judge as to one
or more issues apply for a second COA with respect to those
issues from the court of appeals. As an initial matter, we
observe that every court of appeals that has considered the
question has concluded that a district judge may issue a COA. 
See, e.g., Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997)
(listing seven other court of appeals cases, involving appeals of
denials of both 28 U.S.C. 2254 petitions and 28 U.S.C. 2255
motions, to similar effect); see also 7th Cir. R. 22.1(b). The
basis for this unanimous view is well summarized in Judge Carnes'
comprehensive opinion in Hunter v. United States, 101 F.3d 1565,
1573-84 (11th Cir. 1996) (en banc), cert. denied, 117 S. Ct. 1695
(1997), and, in the absence of any suggestion that 1st Cir. R.
22.1(c) improperly countenances the issuance of a COA by a
district judge, we see no reason to reinvent the wheel. Suffice
it to say that we endorse the views expressed in Hunter and
explicitly now hold that a district judge has the authority under
the AEDPA to issue a COA under 28 U.S.C. 2253(c) and Fed. R.
App. P. 22(b).
 Once such authority is recognized, the superfluity of
1st Cir. R. 22.1(c)'s "second certificate" requirement becomes
apparent. Though couched in the negative, 28 U.S.C. 2253(c)
explicitly contemplates the issuance of only one certificate
before an appeal to this court may be taken. See supra note 2
("Unless a circuit justice or judge issues a [COA], an appeal may
not be taken to the court of appeals from [a final order denying
a 28 U.S.C. 2254 petition or a 28 U.S.C. 2255
motion].")(emphases supplied). And Fed. R. App. P. 22(b) even
more explicitly recognizes that an appeal may proceed once a
litigant has a COA from a district judge. See id. ("In a habeas
corpus proceeding in which the detention complained of arises out
of process issued by a State court, an appeal by the applicant
for the writ may not proceed unless a district or a circuit judge
issues a [COA] pursuant to section 2253(c) of title 28, United
States Code.")(emphases supplied). 
 We therefore rule that a COA from a district judge as
to an issue is itself sufficient to permit an appeal of the issue
in 28 U.S.C. 2254 and 2255 proceedings. In so ruling, we note
that the Eleventh Circuit has explicitly reached the same
conclusion, see Hunter, 101 F.3d at 1576 n.9 (requiring a second
COA from the court of appeals is "inconsistent with the plain
language" of 28 U.S.C. 2253(c) and Fed. R. App. P. 22(b)), and
that all other courts of appeals that have touched upon the
question have at least implicitly followed suit, see, e.g., 7th
Cir. R. 22.1(b) (permitting an appeal to proceed upon issuance of
a COA by a district judge); Teideman, 122 F.3d at 522 ("Normally,
a [COA] granted by a district judge, if regular on its face and
not procedurally defective, would mean that the appeal would
proceed in this Court in the ordinary course."); Houchin v.
Zavaras, 107 F.3d 1465, 1469 (10th Cir. 1997) (similar); Else v.
Johnson, 104 F.3d 82, 83 (5th Cir. 1997) (similar). Accordingly,
pending revision of 1st Cir. R. 22.1(c), litigants in possession
of a COA as to an issue from a district judge need not apply to
this court for issuance of a second certificate on that issue;
they need only present this court with a copy of the district
court order granting a certificate of appealability. See supranote 1. Upon such presentation, the appeal shall proceed in this
court in the ordinary course.
B. The Merits
 Turning to the merits of petitioner's appeal, we detect
no error in the district court's denial of her petition. As
previously noted, the New Hampshire Supreme Court determined that
petitioner's pre-interrogation request to call counsel was
"ambiguous as to purpose" i.e., it was ambiguous as to "whether
the [petitioner] wanted advice from counsel regarding how to
handle the imminent questioning, or whether the [petitioner]
wanted counsel present for interrogation . . . ." Grant-Chase,
140 N.H. at 267-68. The court also determined that when Officer
Folini subsequently "asked [petitioner] if it was all right to
ask some questions about the incident," id. at 266, he was
seeking "to clarify the purpose of her call," id. at 268. Given
these determinations (which petitioner does not challenge), we
have some difficulty understanding why the New Hampshire Supreme
Court overruled the state trial court's ruling that petitioner
did not adequately indicate to the officers that she sought "the
assistance of counsel." Id. at 267. After all, the trial
court's ruling must, in context, be understood as a determination
that petitioner had not actually invoked her right to the
assistance of an attorney in dealing with the forthcominginterrogation. And the New Hampshire Supreme Court's "ambiguous
as to purpose" ruling would seem to evince agreement, rather than
disagreement, with this determination.
 In any event, the United States Supreme Court has quite
clearly held that the rule of Miranda "applies only when the
suspect has expressed his wish for the particular type of
lawyerly assistance that is the subject of Miranda." McNeil v.
Wisconsin, 501 U.S. 171, 178 (1991) (citation and internal
quotation marks omitted) (emphasis in original); see also id.(defining the type of lawyerly assistance that is the subject of
Miranda as "the right to the assistance of an attorney in dealingwith a custodial interrogation by the police") (emphasis in
original). So too has the Court held that the wish for this type
of assistance must be "unambiguously" expressed, meaning "a
statement either is . . . an assertion of the right to counsel or
it is not." Davis, 512 U.S. 459 (citation and internal quotation
marks omitted). Thus, when a suspect has made a statement that
might or might not amount to an expression of a wish for the
assistance of counsel during interrogation, the police are within
their rights not only to clarify whether the suspect wants an
attorney present, see id. at 461 (observing that such a
clarification "will often be good police practice"), but also
simply to continue the interrogation without asking for
clarification, see id. 461-62. 
 Here, the New Hampshire Supreme Court determined, and
the record confirms, that petitioner's intentions were at first
unclear; that Officer Folini asked petitioner to clarify her
intentions; that petitioner unambiguously informed the officers
that she intended to cooperate with the investigation; that the
officers read petitioner her Miranda rights; and that petitioner
waived those rights. In our view, this scenario falls squarely
within the rule of Davis. We therefore see no basis for
concluding that the admission into evidence of petitioner's
subsequent statements was "contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States." 28 U.S.C.
 2254(d)(1); see O'Brien v. DuBois, No. 97-1979, slip op. at 10-
23 (1st Cir. May 26, 1998) (interpreting 2254(d)(1)). 
 III.
 For the reasons stated, we hold that if a litigant has
obtained from a district judge a COA as to one or more issues
addressed in the denial of a 28 U.S.C. 2254 petition or a 28
U.S.C. 2255 motion, the litigant need not apply for a second
COA from this court as to these issues. To the extent that 1st
Cir. R. 22.1(c) imposes such a "second certificate" requirement,
it should be disregarded. As to the merits of this appeal, we
affirm the district court's denial of petitioner Cindy Grant-
Chase's application for a writ of habeas corpus under 28 U.S.C. 
2254. BOWNES, Senior Circuit Judge (concurring). Although I do
not quarrel with the majority's intricate analysis of Miranda, as
interpreted by the Supreme Court, I would decide the case on a
simpler basis.
 Plaintiff asked and received permission to call her
attorney after she arrived at the hospital. She did so, and he
told her to cooperate with the police. After she finished talking
to her lawyer, the police asked if they could talk to her. She
replied that she would do so, stating that her lawyer had told her
to cooperate with the police. Before interrogating her, the police
advised her of her rights under Miranda. She signed the Mirandawaiver. I see no Miranda problem.