J-S02019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAMAR LEWIS | |
| Appellant | No. 3253 EDA 2015 |

Appeal from the Judgment of Sentence Entered October 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010105-2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MOULTON, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MAY 04, 2017**

Appellant, Lamar Lewis, appeals from the October 23, 2015 judgment of sentence imposing an aggregate 1½ to 3 years of incarceration for carrying a firearm with an obliterated serial number followed by five years of probation for carrying a firearm without a license.[1]  We vacate and remand for resentencing.

On April 29, 2013, Officers Timothy Stephan and Keith White were patrolling the 3100 block of Frankford Avenue in Philadelphia when they

---

[1]  18 Pa.C.S.A. §§ 6110.2 and 6106, respectively.  The trial court also imposed a concurrent two years of probation for recklessly endangering another person (18 Pa.C.S.A. § 2705).  The court imposed no further penalty for possession of a controlled substance (35 P.S. § 780-113(a)(16)), unlawful possession of a firearm (18 Pa.C.S.A. § 6105), and carrying a firearm in public in Philadelphia (18 Pa.C.S.A. § 6108).

noticed a firearm protruding from Appellant's waistband. Appellant disobeyed Officer Stephan's command to stop, and an altercation ensued between Appellant, Officer Stephan, and Officer White. Back up arrived and the police subdued Appellant. Police retrieved a .40 caliber Taurus PT840 that dropped from Appellant's person during the scuffle. Both serial numbers on the gun were obliterated.

On August 3, 2015, a jury convicted Appellant of the aforementioned offenses. The trial court imposed sentence on October 23, 2015, and Appellant filed this timely appeal on November 2, 2015. The sole issue on appeal is the sufficiency of the evidence in support of Appellant's conviction for carrying a firearm without a license under § 6106. Our standard of review is well settled:

> When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the factfinder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the factfinder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

***Commonwealth v. Kane***, 10 A.3d 327, 332 (Pa. Super. 2010), *appeal denied*, 29 A.2d 796 (Pa. 2011). Section 6106 prohibits carrying a concealed firearm without a license. 18 Pa.C.S.A. § 6106(a).

The Commonwealth bears the burden of proving the defendant's nonlicensure under § 6106. ***Commonwealth v. Lopez***, 565 A.2d 437, 439-440 (Pa. 1989).[2] In an apparent oversight in this case, the Commonwealth did not introduce into evidence the certificate of nonlicensure. At the conclusion of its case, the Commonwealth moved the introduction of Exhibits C-6, C-7, C-9, C-10, etc., but omitted C-8, which was the certificate of nonlicensure. N.T. Trial, 7/30/2015, at 30. Prior to sentencing, Appellant moved for judgment of acquittal on the § 6106 charge on that basis. The trial court addressed that motion at the sentencing hearing. The Commonwealth argued that it produced sufficient evidence to sustain the conviction under § 6106 because it is impossible to have a license to carry a firearm with an obliterated serial number. The trial court accepted the Commonwealth's reasoning and denied the motion. N.T. Sentencing, 10/23/2015, at 6-7.

We reject this line of reasoning, inasmuch as § 6106 and § 6110.2 are separate offenses with distinct elements. Appellant's possession of a license would not provide a defense for possession of the altered firearm under § 6110.2. On the other hand, Appellant's possession of a firearm with an obliterated serial number neither proves nor disproves whether Appellant

_____

[2] In this respect, § 6106 is distinct from § 6108, under which licensure is a defense rather than an element of the offense. ***Commonwealth v. Bigelow***, 399 A.3d 392 (Pa. Super. 1979).

- 3 -

possessed a license to carry a firearm. The Commonwealth must prove nonlicensure to obtain a conviction under § 6106.

On appeal, the Commonwealth offers an alternative basis for affirmance. *See Commonwealth v. Truong*, 36 A.3d 592, 593 n.2 (Pa. Super. 2012) (noting that this Court may affirm the trial court on any valid basis), *appeal denied*, 57 A.2d 70 (Pa. 2012). In *Commonwealth v. Woods*, 638 A.2d 1013 (Pa. Super. 1994), *appeal denied*, 651 A.2d 5 37 (Pa. 1994), this Court held that a certificate of nonlicensure is not necessary to prove a violation of § 6106. Rather, we accepted the testimony of the deputy sheriff from the county in which the defendant resided. *Id.* at 1016. "[E]vidence of non-licensure by the appropriate issuing authority of a defendant's place of residence at the time of arrest meets the Commonwealth's burden of proof on the element of non-licensure as required by § 6106." *Id.*

The Commonwealth notes that Appellant introduced the transcript of his suppression hearing into evidence. In that transcript, Officer Stephan testified that Appellant did not produce a license and had no license to carry. N.T. Suppression Hearing, 11/25/2014, at 18. We are cognizant that Officer Stephan is a Philadelphia police officer and that the Philadelphia Police Department is an issuing authority for gun licenses. Nonetheless, the Commonwealth fails to cite any portion of the trial transcript or any exhibit

establishing Appellant's place of residence at the time of the arrest.[3]  As such, the Commonwealth cannot avail itself of the holding in **Woods**.  We therefore conclude the Commonwealth failed to produce sufficient evidence to obtain a conviction under § 6106.  We vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated.  Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2017

---

[3]  **See** Pa.R.A.P. 2119(c) (requiring citation to pertinent portions of the record).