J-S19040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GILBERT TORRES | : | |
| | : | |
| Appellant | : | No. 602 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 22, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003679-2018

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 18, 2022**

Gilbert Torres appeals from the October 22, 2020 aggregate judgment of sentence of 5 to 10 years' imprisonment, followed by 5 years' probation, imposed after he was found guilty in a bench trial of attempted murder, aggravated assault, carrying a firearm without a license, carrying a firearm on public streets or public property in Philadelphia, simple assault, possessing instruments of crime, and recklessly endangering another person.[1]

After careful review, and the failure of the Commonwealth to introduce evidence to support the charge,  we vacate Appellant's judgment of sentence

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a), 6106(a)(1), 6108, 2701(a), 907(a), and 2705, respectively.

for carrying a firearm without a license and affirm the judgment of sentence in all other respects.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On April 26, 2018, [Appellant] engaged in verbal dispute with his neighbor over a parking spot in front of his neighbor's garage near 4000 N. 8th Street in Philadelphia. The neighbor called her brother, the complainant, who arrived and confronted [Appellant] concerning [Appellant] disrespecting [the] neighbor. Following this confrontation, [Appellant] pulled a knife and chased the complainant. In response, the Complainant slapped [Appellant], who then produced a handgun and shot the complainant in the torso from approximately two feet. Then, [Appellant] chased the complainant while firing two more bullets. As a result of the gunshot the Complainant was in a coma for roughly thirty days.
>
> On or about April 27, 2018, [Appellant] was arrested and charged with [the aforementioned offenses]. After waiving his right to trial by jury, on October 16, 2019, [Appellant] was found guilty of all charges. Following the waiver trial, a pre-sentencing report and mental health report was ordered. On December 20, 2019, sentencing was continued until April 13,2020.
>
> On October 22, 2020, a sentencing hearing was held before this Court. Prior to the sentencing hearing, [the Commonwealth] filed a Sentencing Memorandum. According to the Memorandum, [the Commonwealth] recommended an aggregate sentence of 6-12 years at the State Correctional Institute. [The Commonwealth] stated that [Appellant] had a prior record score of Zero; Criminal Attempt - Murder (FI) carries an Offense Gravity Score of Fourteen; and the Deadly Weapon Used Sentencing Matrix provided guidelines of 90-statutory Maximum, +/-12. Additionally, the memorandum took into

consideration [Appellant's] age, his history of no
criminal conviction and mental health evaluation.

Trial court opinion, 11/4/21 at 1-2 (citations, footnotes, and internal quotation marks omitted).

As noted, the trial court sentenced Appellant to an aggregate term of 5 to 10 years' imprisonment, followed by 5 years' probation, on October 22, 2020. On October 27, 2020, Appellant filed timely post-sentence motions for reconsideration of his sentence and judgment of acquittal, which were ultimately denied by the trial court. This timely appeal followed on March 23, 2021.[2]

Appellant raises the following issue for our review:

1. Is the evidence sufficient, as a matter of law, to convict [Appellant] of the crimes of possessing a firearm without a license and carrying a firearm in Philadelphia as set forth in 18 Pa.C.S.A. §§ 6106 and 6108 of the Crimes Code where the evidence of record does not establish that the item allegedly used by [Appellant] had a barrel length or overall length which satisfied the definition of firearm as that term is defined in 18 Pa.C.S.A. § 6102?

Appellant's brief at 4.

Our standard of review in evaluating a challenge to the sufficiency of the evidence is as follows:

---

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Nonetheless, the trial court filed a Rule 1925(a) opinion on November 4, 2021, addressing the issues Appellant raised in his post-sentence motion.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009) (citations omitted), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

Appellant claims that there was insufficient evidence to sustain his conviction for carrying a firearm without a license because the Commonwealth "offered no evidence whatsoever that [Appellant] did not have a license to carry a firearm." Appellant's brief at 16, 23. The Commonwealth, in turn, concedes that Appellant's conviction for carrying a firearm without a license cannot stand because it failed to offer any evidence at trial that Appellant did not have a license to carry the weapon in question. *See* Commonwealth's brief at 9. Following our careful review, we are constrained to agree.

The crime of carrying a firearm without a license is codified in Section 6106 of the Pennsylvania Uniform Firearms Act ("PUFA") and provides, in relevant part, as follows:

> [A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued

- 4 -

> license under this chapter commits a felony of the
> third degree.

18 Pa.C.S.A. § 6106(a)(1).

This Court has long recognized that "that non-licensure is the essential element of the crime of carrying a firearm without a license, and that the Commonwealth has the burden of establishing this element beyond a reasonable doubt." *Commonwealth v. Woods*, 638 A.2d 1013, 1016 (Pa.Super. 1994), *appeal denied*, 651 A.2d 5 37 (Pa. 1994).

Instantly, by its own admission the Commonwealth acknowledges that it failed to introduce any evidence to establish that Appellant did not possess a valid and lawfully issued license to carry a firearm. Accordingly, we are constrained to conclude that the Commonwealth failed to sustain its burden with respect to Section 6106(a)(1) and vacate Appellant's judgment of sentence with respect to this charge.[3]

Appellant next claims that there was insufficient evidence to sustain his conviction for carrying a firearm on public streets or public property in Philadelphia. Appellant's brief at 17. In support of this contention, Appellant

_____

[3] We note that our disposition does not upset the trial court's sentencing scheme as the sentence imposed for carrying a firearm without a license offense had been ordered to run concurrent to the sentence imposed for attempted murder. Under these circumstances, there is no need to remand for resentencing. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa.Super. 2006) (stating, "[i]f our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan. By contrast, if our decision does not alter the overall scheme, there is no need for a remand." (citations omitted)), *appeal denied*, 946 A.2d 687 (Pa. 2008).

avers that the Commonwealth failed to meet its burden of proof that he possessed a "firearm" as defined in 18 Pa.C.S.A. § 6102 because there was no testimony adduced from the Commonwealth witnesses as to the type of firearm used or that it was less than the requisite 26-inches in length. *Id.* at 20, 23.

The crime of carrying a firearm on public streets or public property in Philadelphia is codified in Section 6108 of PUFA and provides, in relevant part, as follows:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
> (1)    such person is licensed to carry a firearm; or
>
> (2)    such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. § 6108.

For purposes of this section, Section 6102 defines a "firearm" as "[a]ny pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches." 18 Pa.C.S.A. § 6102.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence to sustain Appellant's conviction for carrying a firearm on public streets or public

property in Philadelphia. The testimony at trial established that Appellant chased Angel Martinez (hereinafter, "the victim") down the street while swinging a knife at him, and then "put [the knife] back in his hoodie" pocket, "took out the gun[,] and shot" the victim in the torso. Notes of testimony, 10/16/19 at 22, 48, 72. Both the victim and eyewitness Maria Mendez testified that they did not see a gun on Appellant's person until the moment before he fired it and did not see any of his associates hand the gun to him. *Id.* at 22–23, 72, 85-86.

The record further establishes that at the time Appellant brandished the gun, he was standing approximately two feet away from the victim, and it is undisputed this shooting occurred on the corner of 8th and West Lycoming Streets, both public streets in Philadelphia. *Id.* at 26, 58.

"As with any crime, the factfinder may infer guilt from the totality of the circumstances, so long as the evidence reasonably supports the factfinder's conclusion. The factfinder's determination that a defendant carried a weapon on a public street in Philadelphia will be affirmed if the evidence of record reasonably supports this conclusion." *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa.Super. 2000) (citation omitted).

Based on the foregoing, it is reasonable to infer from this testimony that the firearm Appellant possessed and ultimately shot the victim with was less than 26-inches in length in that it fit securely inside his hoodie pocket

throughout the entire encounter. Accordingly, Appellant's sufficiency claim must fail.

Judgment of sentence for carrying a firearm with a license vacated. Judgement of sentence affirmed in all other respects.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2022